# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVON YOUNG,<br>           Plaintiff,<br><br>v.<br><br>CITY OF CHESTER, PA, DETECTIVE MARC BARAG AND OFFICER WILLIAM CAREY,<br>           Defendants. | CIVIL ACTION<br><br><br><br>NO. 17-3066 |

## MEMORANDUM OPINION

Plaintiff was speaking with his cousin in the area of East 21st Street and Edgemont Avenue when his cousin gave him some money for a loan and he gave his cousin a small package. A Pennsylvania police officer observed this interaction, stopped Plaintiff's cousin, and found 0.4 grams of marijuana. A second officer arrested Plaintiff and he was charged with possession with intent to deliver a controlled substance and possession of drug paraphernalia. Plaintiff, the defendant in the underlying criminal action, was ultimately acquitted after a jury trial. He now brings claims against the arresting officers, the Commissioner of the Police Department, and the City of Chester (together, "Defendants") under 42 U.S.C. § 1983 as well as state law claims arising out of Plaintiff's arrest and prosecution, all of which Defendants move to dismiss.

**I.    FACTS**

On July 16, 2015, Detective Marc Barag, an officer with the City of Chester, Pennsylvania Police Department, set up a hidden narcotics surveillance operation in the area of East 21st Street and Edgemont Avenue in Chester, Pennsylvania. At approximately 11:05 a.m., Detective Barag observed Plaintiff, Devon Young, speaking with Basil Evans on the sidewalk in

the vicinity of the surveillance operation. Young and Evans engaged in a brief conversation. Before the conversation concluded, Evans handed Young money.

According to an affidavit of probable cause filed by Officer William Carey, Detective Barag observed Young provide a small package to Evans after the two exchanged money.[1] Officer Barag executed a pedestrian stop on Evans a few blocks away and found a clear pink bag containing 0.4 grams of marijuana. As a result, Evans was placed under arrest and transported to Chester Police Headquarters for processing. Two hours later, Officer Carey observed Young on the 2100 block of Madison Street. Officer Goldschmidt apprehended and arrested him. A search incident to Young's arrest did not reveal any narcotics or drug paraphernalia, though the officers did recover $184 in cash and a blue flip cell phone.

Young was charged with Possession with Intent to Deliver a Controlled Substance in violation of 35 Pa. Stat. Ann. 780-113(a)(30) and Possession of Drug Paraphernalia in violation of 35 Pa. Stat. Ann. 780-113(a)(32). He was held in lieu of $50,000 bail for ten months at George Hill Correctional Facility until his trial, which commenced on May 3, 2016. At trial, Evans testified in Young's defense. Evans testified that his meeting with Young on July 16, 2015 had nothing to do with drugs. Instead, Evans and Young are cousins and the two discussed an upcoming family reunion. Evans further testified that Young asked for a loan and Evans gave him some money before parting ways. The jury found Plaintiff not guilty on both charges.

Plaintiff is suing Officer Carey, Detective Barag, and Police Commissioner Joseph Bail for false arrest and malicious prosecution under 42 U.S.C § 1983, as well as the City of Chester, Pennsylvania, under *Monell*. Plaintiff also brings state law charges of false arrest, false

---

[1] Although Defendants have attached the affidavit to their motion to dismiss, the Court may not "consider matters extraneous to the pleadings" unless the document is "integral to or explicitly relied upon in the complaint." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 83 n.4 (3d Cir. 2011). Plaintiff does not challenge consideration by the Court of the affidavit. Nevertheless, in an abundance of caution, the facts concerning the Affidavit of Probable Cause are taken from the allegations in Plaintiff's Complaint.

imprisonment, malicious prosecution, invasion of privacy, and intentional infliction of emotional distress. Defendants have filed a Motion to Dismiss.

## II. STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare" recitations of the elements of a claim supported only by "conclusory statements" will not suffice. *Id.* at 683. Rather, a plaintiff must allege some facts to raise the allegation above the level of mere speculation. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 176 (3d Cir. 2010) (citing *Twombly*, 550 U.S. at 555). Furthermore, a court may grant a motion to dismiss under Rule 12(b)(6) if there is a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

In analyzing a motion to dismiss legal conclusions are disregarded, well-pleaded factual allegations are taken as true, and a determination is made whether those facts state a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 210-11 (3d Cir. 2009). Generally that determination is made upon a review of the allegations contained in the complaint, exhibits attached appropriately to the complaint and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.* 998 F.2d 1192, 1196 (3d Cir. 1993). Here, where Defendants have attached to their motion to dismiss Plaintiff's Criminal Complaint and the Docket Sheet from the underlying state court proceeding, those may properly be considered. *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Ground Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

### III. DISCUSSION

#### a. False Arrest

A claim for false arrest under Section 1983 is analyzed under the "reasonableness" standard of the Fourth Amendment. *See Berg v. County of Allegheny*, 219 F.3d 261, 268-69 (3d. Cir. 2000). "The Fourth Amendment prohibits arrest without probable cause." *Id.* at 269. Therefore, to succeed on a claim of false arrest under Section 1983, the Plaintiff must show that the arresting officers, Barag and Carey, lacked probable cause to arrest him. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995). "Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002). The test is an objective one based on "the facts available to the officers at the moment of arrest." *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994). Moreover, "evidence that may prove insufficient to establish guilt at trial may still be sufficient to find the arrest occurred within the bounds of the law." *Id.*

The question of whether probable cause exists for an arrest is generally a question of fact for the jury. *See Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) ("Generally, the question of probable cause in a section 1983 damages suit is one for the jury."). Where, however, the facts alleged by the Plaintiff, taken as true and drawing all inferences in favor of the Plaintiff, would not support a finding of liability, dismissal is appropriate. *See Olson v. Ako,* 2018 WL 1391708, at *5 (3d Cir. 2018).

In this case, the facts alleged in Plaintiff's Complaint establish that Defendants had probable cause to arrest Plaintiff for possession of drug paraphernalia in violation of 35 Pa. Stat.

Ann. § 780-113(32), an ungraded misdemeanor. The relevant statute prohibits "[t]he use of, or possession with intent to use, drug paraphernalia for the purpose of . . . introducing into the human body a controlled substance in violation of this act." 35 Pa. Stat. Ann. § 780-113(32). Specifically, Plaintiff alleges that Officer Carey observed Plaintiff speaking with Evans and exchanging money for a small package and then walking away. Evans was arrested with 0.4 grams of marijuana immediately after this conversation. Plaintiff's Complaint does not contradict Officer Carey's observations. The Complaint merely puts forward an alternate interpretation of the events. Plaintiff alleges that instead of discussing drugs, he spoke with Evans, his cousin, about an upcoming family reunion and that he asked Evans for a loan. Crucially, Plaintiff does not contradict Officer Carey's observation that Plaintiff gave Evans a small package. Under these circumstances, Plaintiff has failed to allege facts to show that Officers Carey and Barag lacked probable cause to arrest Plaintiff.

Whether probable cause existed to arrest Plaintiff for possession with intent to deliver a controlled substance in violation of 35 Pa. Stat. Ann. § 780-113(30) is a closer question. That statute prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance. . . ." 35 Pa. Stat. Ann. § 780-113(30). "Under Pennsylvania law, intent to deliver may be inferred from possession of a large quantity of controlled substances. Similarly the absence of intent to deliver may be inferred where only a small amount of the controlled substance was discovered." *Commonwealth of Pennsylvania v. Smagala*, 557 A.2d 347, 351 (Pa. Super. 1989) (finding that possession of only 0.8 grams of cocaine is "consistent with personal use"). In this case, Plaintiff was arrested following observations of an alleged drug transaction yielding a seizure of only 0.4 grams of marijuana. On the other hand, unlike in *Smagala*, Plaintiff was observed exchanging money for a small package. Ultimately, it is not

5

necessary to determine whether probable cause existed to arrest Plaintiff for this crime because "false arrest or imprisonment claims will necessarily fail if probable cause existed for any one of the crimes charged." *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 478 (3d Cir. 2016).

Therefore, Plaintiff's claim for false arrest under 42 U.S.C. § 1983 will be dismissed.

### b. Malicious Prosecution

Count One also appears to assert a claim for malicious prosecution under Section 1983 for which a plaintiff must show: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *See Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007). As an initial matter, Plaintiff fails to plead that the Defendants initiated criminal proceedings or that the defendants acted maliciously. Moreover, because a prosecutor makes an independent determination to proceed with a criminal action, "[a] police officer may only be held to have 'initiated' a criminal proceeding if he knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion." *Merrero v. Micewski*, 1998 WL 414724, at *7 (E.D. Pa. 1998). In *Johnson,* the Third Circuit distinguished a case in which an officer misrepresented facts in an affidavit of probable cause, and would thus be liable for malicious prosecution, from a case where an officer merely filed an affidavit and was no longer involved with the case after the arrest. *See Johnson,* 477 F.3d at 84 (distinguishing *Wright v. City of Philadelphia*, 409 F.3d 595 (3d Cir. 2005)). Here, there are no allegations that the Defendants provided false information, omitted any facts within their knowledge, or were involved in Plaintiff's prosecution following the filing of the affidavit.

Therefore, Plaintiff's claim for malicious prosecution under 42 U.S.C. § 1983 will be dismissed.

    **c. Monell Claim**

In general, a municipality like the City of Chester may not be held responsible for constitutional violations under a theory of *respondeat superior*. *See Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978)). Instead, a municipality may only be held liable if "the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Mulholland v. Gov't of the Cnty. of Berks, Pa.,* 706 F.3d 227, 237 (3d Cir. 2013) (citing *Monell*). Under *Monell*, a plaintiff must establish that: (1) the municipality had a policy or custom that deprived the plaintiff of his constitutional rights; (2) the municipality acted deliberately and was the moving force behind the deprivation; and (3) the plaintiff's injuries were caused by the identified policy or custom. *See Monell*, 436 U.S. at 692-94. In this case, Plaintiff has not pleaded facts sufficient to allege a deprivation of his constitutional rights. As such, Plaintiff has failed to establish the first requirement in *Monell* – that Defendants deprived the plaintiff of his constitutional rights.

Additionally, Plaintiff fails to allege any facts to suggest or establish the existence of an official policy or custom that caused his injury. The Complaint makes conclusory allegations that the City of Chester's policies in six areas caused Plaintiff's injuries. Those areas include policies involving the "legal cause to stop," "the proper exercise of police powers," the duty to investigate, and "failure to train," among others. Such conclusory allegations are insufficient under *Twombly*. A complaint must include "specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *Torres v. City*

*of Allentown*, 2008 WL 2600314, at *5 (E.D. Pa. 2008). Plaintiff's Complaint fails to do so. Therefore, his *Monell* claim will be dismissed.

### d. State Law Claims

Plaintiff's Complaint also purports to assert state law claims of false arrest, false imprisonment, malicious prosecution, invasion of privacy, and intentional infliction of emotional distress. The Complaint asserts each of these claims in a conclusory manner without alleging any facts in support of the elements for each claim. Notwithstanding this failure, Plaintiff's state law claims are also deficient for other reasons. First, a finding of probable cause will defeat a claim for false arrest, false imprisonment, and malicious prosecution. *See Renk v. City of Pittsburgh,* 641 A.2d 289, 295 n.2 (Pa. 1994) (false arrest); *Manley v. Fitzgerald*, 997 A.2d 1235, 1241 (Pa. Commw. 2010) (false imprisonment); *Turano v. Hunt*, 631 A.2d 822, 824 (Pa. Commw. 1993) (malicious prosecution). Thus, each of these claims must be dismissed.

To establish the tort of invasion of privacy, a plaintiff must demonstrate that a "highly offensive false statement was publicized by [a defendant] with knowledge or in reckless disregard of the falsity." *Santillo v. Reedel*, 634 A.2d 264, 266 (Pa. Super. Ct. 1993). The facts, as alleged, do not establish that any defendants publicized any highly offensive false statement with knowledge or reckless disregard of their falsity. Instead, Plaintiff merely avers an alternate interpretation for the events Officer Carey witnessed with regard to Plaintiff's interactions with his cousin, Evans.

Last, "in Pennsylvania, liability on an intentional infliction of emotional distress claim has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Kasper v. Cnty. of. Bucks*, 514 F. App'x 210, 217

(3d Cir. 2013).  The facts, as alleged in Plaintiff's complaint, fail to satisfy the high bar in order to bring such a claim.

Therefore, the state causes of action identified in Count Three will be dismissed as well.

A separate order follows.

**BY THE COURT:**

**/s/ Wendy Beetlestone**

_____
**WENDY BEETLESTONE, J.**

**March 29, 2018**